Spencer.
There are several grounds of objection taken *119 to.the proceedings. One is, that, notice ought- ta liaye been» given- of. the return of the sci. • fa, and. of! the.-rule entered, Frqm the fourth, rule of this, court, made: in April term. 1(196* it-appears,, that rules, to appear on; sci. fa. and in ejedlment, are placed! on- the same/ footing! It is; not!necessary, on- entering the rule, to give.notice-that the rule has-been entered. The noticesjby the sci. fa. and-in ejectment,., by the declaration are-tantamount! When the-attorney appears, then notice is required: But: a sci, fa. is- notice- in. itself.» The default' therefore,, being regularly entered^, mpst . stand* The next- question then: is; whether,.' if- the proceedings; are corfedt. in entering the- default' in four' days;, the court- willdet1 the-defendant- in,u on the merits? Griswold v. Stoughton,†-decided;the last term, is in pointy, that as there i§r no* account given.for not appearing,»the de-.. fault is: corredb,„ and will not he set aside. There is-.no excuse- for. not entering* an, appearance, and for- four days-the defendant certainly slept,. In Edwards ad sctou MriCinstry,. Coleman’s Cases of Pradtice 124, the court said that a default must- always be accounted for.
Graham, as amicus-curias observed, that it» being-a point of pradtice of some importance, he took- the libertyto men-; tion, that according to the -English- pradtice when, on a sci. fa. to revive, „ two nihils-were- returned, judgment was. signed of course op shewing the returzls to the officer.
Van Veeten, We are not to obtain the effedt of our rpotion for. two .reasons. Because according to.the-English. pradtice tlrere are. no rules on a sci. fa. and because no. account is given for the. default. As-to the first, whatever-the pradtice may b.e in-England,, our, courts-Jhave established' that a. four day. rule is.to -be entered on the return of the. writ, andthenthe-ordmary-nrie-is/to be given, and if the-default be- not entered, the defendant may-.come in at any time, A scire facias is to all intents a new suit, and therefore there, should be the same pradtice as in.other cases; there may be a, plea Sec-. In this the default has produced no injury. There could - be no judgment till next term: Therefore this rigid rule of saying that if you do not account.we.wilhnot hear-you, though you give evidence of
*120 reasons for our interference, can have no force when wé ap* ' ply to the discretion of the court. The power used' in-these cases ’ is founded on justice, and whenever any thing like, injustice presents itself, the court will interpose and see that no advantage is taken. Here the defendant offers to let the judgment stand, therefore the plaintiff runs no risk as- the defendant’s lands are bound. He swears áix hundred dollars have .been paid on the judgment: The question then is,- whether the defendant does not necessarily desérve •-favor. Whether the plaintiff shall have execution for six hundred dollars more than are due when merits are sworn to. That the plaintiff is able to repay it, is no answer: the oppression of thus wringing so much from the defendant may be intolerable. Notice, either express or constructive, is necessary to a default; here there is neither. " Griswold V. Stoughton does not apply; it was a mere irregularity and no affidavit of merits. The court can not" too much bear in ' view that no injury can result by letting the defendant in to ’ plead.
Spencer in reply. I have strong doubts whether on & ■ scire facias there can be any defence* except nul tie! record, or the judgment satisfied. ' " '
Per curiam. It appears that the defendant did not enter any appearance before the expiration of the rule, nor indeed was it until some weeks after, that any appearance was en- " tered. It is suggested in "answer, that notice ought to have been served of the entry of the rule; this is on the other hand denied;' and rightly. The default therefore is regular, and no reason whatever is assigned how it has been incurred. ‘ In all such cases we have determined to hold the party to his default. The † rulé of this court says “ Upon the return of “ writs of sci. fa. if the defendant be returned warned, or « the second writ be returned nihil, the defendant shall
*121 « appear in four days, or judgment shall be entered by déte fault.” Therefore the ■ entry of the default ds perfeftiy consistent with the praétice of the court, and must remain: But as judgment ought not to have been signed till four days after, and it appears to have been done on the very day, that is irregular, and therefore must be set aside.
Radcliff and Livingston, justices, absent,

 Col. Ca. Brae, a, 3,

 Ante 6.

 To a sci. fa. the defendant may plead in abatement, or in bar, 2 Inst. 470. But he can plead nothing in bar. which he might have pleaded to the original atiion. Where therefore the judgment was on a warrant of - attorney, as the defendant could have had no opportunity- of pleading,' the court of K. B.has ordered an ¡flue to let in the defence,of ufury.. Cook v. Jones Cowp. 727. The defendant - may alfo plead in abatement that there were not jcj days betwen the. tefte and return. Nares v. Earl of Huntingdon. Lut. 12. and for want of 'thefe 15 days the fup. court has fet afide on motion the proceedings on a fci. fa. Woodman & others ad' setm. 3 Little. Col. Ca. Prac. 54. as a feire facias is a'-judicial writ. See Com. Si. title abatement. (H. 14.)

 Rule of October 1791, Cob Ca.. Prac. 31.